UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNDERWRITERS AT LLOYD'S
LONDON,

      Plaintiffs

v.                                Case No.: 8:05-CV-1460-T-17TGW

CAROL OSTING-SCHWINN,
as parent and legal guardian of
C.O., a minor,

      Defendant.

_____/

## DEFENDANT, CAROL OSTING SCHWINN'S, MOTION TO DISMISS

Defendant, CAROL OSTING SCHWINN, a parent and legal guardian of C.O., a minor, by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b), hereby moves this Honorable Court to dismiss this action for the reasons enumerated below, and as grounds therefore states:

1.     Plaintiff's Complaint [Dkt. 1] appears to seek two alternative forms of relief. Count I of the Complaint, while not specified or delineated, appears to seek the specific performance by the Defendant of an alleged settlement agreement. Count II alternatively requests a declaratory order that the same alleged settlement agreement precludes the prosecution of a lawsuit against third parties.

2.     Defendant, Carol Osting Schwinn, requests that this Court dismiss both Counts of this action because Plaintiff's Complaint fails to properly allege the grounds for this Court's jurisdiction and because the Plaintiff has failed to join an indispensable party under Rule 19, Fed. R. Civ. P.

3.      Defendant also requests that this Court exercise its discretion to dismiss Count II of the Complaint, which seeks a declaratory judgment, under the <u>Brillhart</u> doctrine.

4.      This Complaint should also be dismissed because it is an improper attempt at forum shopping.

## FACTS

5.      This action arises out of a collision between a dirt bike ridden by Michael Rockhill, Jr. and a four-wheel All Terrain Vehicle ("ATV") ridden by C.O., the minor son of the Defendant, Carol Osting Schwinn, on May 7, 2002.

6.      Michael Rockhill, Sr., the father of Michael Rockhill, Jr., and the owner of the property on which the collision occurred, was the co-owner of the dirt bike with his son.  The Rockhills were insured for this loss under a policy of insurance through the Plaintiff, Underwriters at Lloyd's, London.

7.      A negligence action for the damages incurred as a result of this collision was brought by the Defendant in this action, Carol Osting Schwinn, in the Circuit Court for the Thirteenth Judicial Circuit, in Hillsborough County, Florida, Case No. 05-CA-006257, against Michael Rockhill, Sr. and Michael Rockhill, Jr.  The complaint in this state court action was filed, and summons were issued, on July 21, 2005.  A copy of that complaint is attached hereto as Exhibit A.

8.      Michael Rockhill, Jr. filed his answer to that negligence complaint on August 15, 2005.  He denied liability for the damages, and asserted various affirmative defenses, including an affirmative defense alleging that the controversy had previously been resolved,

i.e., settlement or accord and satisfaction.   A copy of Michael Rockhill, Jr.'s Answer, Demand for Jury Trial and Affirmative Defenses is attached hereto as Exhibit B.

9.      Defendant's negligence action against Michael Rockhill, Sr. and Michael Rockhill, Jr. is currently pending in the state court.

10.     Defendant, Carol Osting Schwinn, is a citizen of the state of Florida.

11.     Michael Rockhill, Jr. is a citizen of the state of Florida.    On information and belief, Michael Rockhill, Sr. is also a citizen of the state of Florida.

## MEMORANDUM OF LAW

Defendant, Carol Osting Schwinn, requests that this Court dismiss both Counts contained within the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), and pursuant to Fed. R. Civ. P. 12(b)(7).   Count I should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(7).   Count II should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(7) and pursuant to this Court's discretionary jurisdiction under 28 U.S.C.A. § 2201, the Declaratory Judgment Act.   Additionally, both counts should be dismissed as an improper attempt at forum shopping.

### I.      This Action Should be Dismissed Pursuant to F.R.C.P. 12(b)(1) for Lack of Subject Matter Jurisdiction

This Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because this Court does not have jurisdiction over the subject matter. Rule 12(b)(1) provides for a motion to dismiss for "lack of jurisdiction over the subject matter."   The Complaint in this action [Dkt.1] does not contain any allegations required by Fed. R. Civ. P. 8(a)(1) establishing the

citizenship of the parties.  Rule 8(a)(1) requires that "[a] pleading … contain a short and plain statement of the grounds upon which the court's jurisdiction depends."  A plaintiff must allege facts which establish the citizenship of all the parties.   Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fla., 827 F.2d 1454, 1457 (11th Cir. 1987).  Plaintiff's Complaint in this action does not establish the facts necessary to confer jurisdiction on this Court.

While the Complaint in this action does state that the claim is "based on diversity of citizenship," [Dkt.1, ¶ 1], that statement alone is not sufficient.  In the case of Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994), the Eleventh Circuit affirmed the dismissal of an action for lack of subject matter jurisdiction where the plaintiff "stated he sought subject matter jurisdiction on diversity grounds."  Id. at 1367.  The plaintiff in that case, Taylor, alleged the status of his own citizenship, but did "not allege the citizenship of the natural defendants or the principal place of business for the corporate defendants."  Id.  The order dismissing the action was therefore proper. Id.  The Plaintiff in this action, Underwriters at Lloyd's, London, made no allegations regarding the citizenship of any of the parties, however, did state that the grounds for jurisdiction was diversity. [Dkt.1, ¶ 1]  As in Taylor, this action should be dismissed.

Additionally, this Complaint should be dismissed because there is no specific allegation of the amount in controversy, as is required under 28 U.S.C.A. §1332.  A specific allegation as to the amount in controversy is required by Fed. R. Civ. P. 8(a)(1) to establish the jurisdiction of this Court.  See, e.g., Williams v. Employers Mut. Liability Ins. Co. of Wisc., 131 F.2d 601 (5th Cir. 1943).

4

## II.    This Action Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(7) for Failure to Join a Party Under Rule 19.

This Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(7)("failure to join a party under Rule 19").  The Plaintiff has failed to join Michael Rockhill, Jr. and Michael Rockhill, Sr., ("the Rockhills").  The Rockhills are parties who are necessary and indispensable to the just consideration of this case, however, their joinder will remove this action from the jurisdiction of this Court, as they are non-diverse parties. Michael Rockhill, Jr. is a citizen of the state of Florida.   Upon information and belief, Michael Rockhill, Sr. is also a citizen of Florida.

Federal Rule of Civil Procedure 19, Joinder of Persons Needed for Just Adjudication, provides, in part:

(a) Persons to Be Joined if Feasible
A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. …
(b) Determination by Court Whenever Joinder Not Feasible.
If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being this regarded as indispensable.   The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be

adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

A dismissal under Fed. R. Civ. P. 12(b)(7) requires a two step analysis of the requirements set down in Rule 19.  See, e.g., Haas v. Jefferson Nat'l Bank of Miami Beach, 442 F.2d 394 (5th Cir. 1971); Shibata v. Lim, 133 F. Supp. 2d 1311, 1315-16 (U.S. Dist Ct. M.D. Fla. 2000).  The first step is to determine if a party is necessary to the action, under Rule 19(a).  The second step, under Rule 19(b), is to determine if, "in equity and good conscience," the court can continue the action with only the persons or entities already parties, or if the action should be dismissed because the absent party is "indispensable."  Fed. R. Civ. P. 19(b).

### a.   The Rockhills are "Persons to Be Joined if Feasible" Under Rule 19(a).

The Rockhills are parties who should be joined under Fed. R. Civ. P. 19(a)(2).  They have "an interest relating to the subject of the action."  Fed. R. Civ. P. 19(a)(2).  The Plaintiff in this action, whether in the count for specific performance, or in the count for declaratory relief, asks this court to determine the effect of a release, which if executed, would release the Rockhills from liability for the accident of May 7, 2002.   The Rockhills clearly have an interest in the subject of this lawsuit.   The Answer, Demand for Jury Trial and Affirmative Defenses filed by Michael Rockhill, Jr. in response to the Complaint filed by Carol Osting Schwinn in state court shows that interest.  See Exhibit B.

The Rockhills are also "so situated that the disposition of the action in … [their] absence" will, under Rule 19(a)(i), impede their ability to protect that interest, and, under (ii) leave the parties to this action subject to inconsistent obligations, more specifically, potentially inconsistent determinations of whether a settlement agreement was reached, or

potentially inconsistent interpretations of the alleged settlement agreement.   If the Rockhills are not made parties to this action, there is a strong possibility of conflicting results being reached in this Court and in the state court, as both courts have been asked to determine whether a settlement agreement was actually reached.  Under both Fed. R. Civ. P. 19(a)(2)(i) and 19(a)(2)(ii), the Rockhills are parties who should be joined in this action, if such joinder is feasible.

### b. The "Determination by the Court Whenever Joinder Not Feasible" Under Rule 19(b).

Once the determination is made that there is a party, or parties, who should be joined if feasible, "the only further question arises when joinder is not possible and the court must decide whether to dismiss or to proceed without him."  Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968).  The Rockhills are parties who should be joined, if feasible.   Joinder is not possible, as they are citizens of the same state as Carol Osting Schwinn.   If the Rockhills were joined in this action, dismissal would be mandated because all plaintiffs would not be diverse from all defendants, and complete diversity would not be present.

Subsection (b) of Fed. R. Civ. P. 19 sets out four factors that a court must consider when determining whether or not, "in equity and good conscience," it should dismiss the action.  These factors are

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment

rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).   The consideration of these factors must be done in light of the facts of each case.   "The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests."   Provident Tradesmens, 390 U.S. at 118-19.   A balanced consideration of all of these factors shows that the continuation of this action in the absence of the Rockhills will not be in the interest of justice or judicial economy, and that the pending state court negligence action provides a more than adequate remedy for all interested parties.

### i.   The First Rule 19(b) Factor

The first Rule 19(b) consideration is "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties."   "Essentially, this analysis mandates that the court determine the probability of a subsequent litigation that might produce inconsistent obligations."   Casualty Indemnity Exch. v. High Croft Enters., Inc., 714 F.Supp. 1190, 1192 (U.S. Dist. Ct. S.D. Fla. 1989).   A judgment rendered without the presence of the Rockhills has great potential to be highly prejudicial to them and to Carol Osting Schwinn.   The Rockhills, and not Underwriters at Lloyd's, London, are the parties named in the release which Underwriters now seek to require Carol Osting Schwinn to execute.   If the Rockhills are not made parties to this action, their arguments will not be heard by this Court.   The Rockhills, as defendants in the existing state court lawsuit, have asserted as an affirmative defense to the negligence action that the claim was settled, and

clearly have a position on the status of the alleged settlement.  Both the Rockhills and Carol

Osting Schwinn will be prejudiced if the Rockhills are not joined in this action because it is

possible that each court may come to a different conclusion as to whether a settlement was

reached.

### ii.  The Second Rule 19(b) Factor

The second Rule 19(b) factor is "the extent to which, by protective provisions in the

judgment, by the shaping of relief, or other measures, the prejudice can be lessened or

avoided."  The relief sought before this Court cannot be constructed so that there are any

protective provisions in the judgment.  The relief sought is simple, and is not complex.

While there are two counts to the Complaint, each count seeks essentially the same result – a

judicial determination that a contract was formed between Underwriters at Lloyds, London,

and Carol Osting Schwinn.  There is no way that the relief sought can be narrowed or

carefully rendered so that it would not impinge on the issues pending in the state court action.

### iii.  The Third Rule 19(b) Factor

The analysis of the third Rule 19(b) factor, "whether a judgment rendered in the

person's absence will be adequate," shows that this action should be dismissed.   Where there

are other parties who may be liable, this court is not in a position to decide all issues of

liability arising out of the subject incident.  This circumstance "would lead to gross judicial

inefficiency, an inefficiency that is unnecessary because the plaintiff has another remedy."

High Croft, 714 F.Supp. at 1192.

### iv.  The Fourth Rule 19(b) Factor

The fourth factor, "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder," also shows that this action should be dismissed.  A declaratory action can be brought in state court, or an affirmative defense can be raised in the pending state litigation.  See High Croft, 714 F.Supp. at 1192.  In fact, Michael Rockhill, Jr. has raised an affirmative defense to the negligence action which seeks to resolve the identical issues brought in this suit.  See Exhibit B, "Sixth Affirmative Defense."  If the Circuit Court for Hillsborough County, Florida determines that there was a settlement, the Plaintiff, Underwriters at Lloyd's, London, will be afforded identical relief as if they were to prevail in this action.

### c.   This Action Should Be Dismissed Under Fed. R. Civ. P. Rule 12(b)(7) for Failure to Join a Party Under Rule 19

The Rockhills are parties who should be joined under Rule 19(a).  However, as they are citizens of the state of Florida, they cannot be joined without destroying complete diversity and this Court's jurisdiction.  This Court should not proceed without the Rockhills because they are indispensable parties under Fed. R. Civ. P. Rule 19(b), and this action should be dismissed.

In Liberty Mutual Ins. Co. v. Lee, 117 F.2d 735 (5th Cir. 1941), an insurance company attempted to bring a federal action seeking a declaration that a release barred claims brought in state court.  A truck owned by Kinsman's, Incorporated struck and killed a child.  Id. at 736.  The parents of the child brought suit in state court for damages, however, a representative of Liberty Mutual, who had an insurance policy which covered the loss, had previously obtained a release signed by the parents for an amount significantly less than the

policy limits.  Id. The Firth Circuit, in affirming the trial court's dismissal of the federal

action, stated that

> A right decree was rendered, but it ought to be rested not on the invalidity of
> the release, but on the impropriety of thus trying its validity at the instance
> of the Insurance Company.  The claim made by the parents was against
> Kinsman's, Incorporated, and not against the Insurance Company.  Their
> controversy is one between citizens of the same State and triable in the State
> court.  The insurer, because of his contract with the truck owner, has an
> interest in the outcome of the controversy, but he cannot take charge of it as
> his own and carry it into a federal court because of his citizenship being
> diverse.  **The validity of the release which runs to Kinsman's,
> Incorporated, ought not to be, and cannot be, adjudicated at the suit of
> the Insurance Company.**  The Insurance Company's proper course is to
> defend the suit in the State court according to its policy contract.  It has not a
> justiciable controversy with the Lees which would support a federal
> declaratory judgment.

Id. (Emphasis added).  The named insureds, to whom the release would run, should be joined

as parties to an action which would determine the status of that release.  Here, the release

would benefit the Rockhills, and they are therefore necessary and indispensable parties to this

action.  Without their presence, the case should be dismissed.


**III.     The Court Should Decline to Exercise its Discretion to Issue a Declaratory
Judgment and Should Dismiss Count II**

A federal court has discretion to dismiss a request for declaratory judgment when

there is a pending state-court action raising the same controversy.  Brillhart v. Excess Ins.

Co. of America, 316 U.S. 491 (1942); Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d

1328 (11th Cir. 2005); General Star Indemnity Co. v. Puckit, 818 F.Supp. 1526 (M.D. Fla.

1993).  Even when a federal district court may have jurisdiction of a suit under the Federal

Declaratory Judgment Act, 28 U.S.C.A. § 2201, it is under no compulsion to exercise that

jurisdiction.  Brillhart, 316 U.S. at 494.  District courts have discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies the prerequisites of subject matter jurisdiction.  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  The remedial and equitable nature of a declaratory judgment vests the court with a broader discretion than is otherwise available under the federal abstention doctrine.  Puckit, 818 F.Supp. at 1530; see also Wilton, 515 U.S. at 287 (noting "the unique breadth of this discretion to decline to enter a declaratory judgment …").

For a time, there was some confusion and disagreement among the federal circuits as to whether the discretionary standard of Brillhart had been supplanted by the significantly narrower "exceptional circumstances" test for abstention articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  See Puckit, 818 F.Supp. at 1529-31; United States v. Pennsylvania Dep't of Environmental Resources, 923 F.2d 1071, 1073-74 (3d Cir. 1991).  In Wilton, the Supreme Court resolved the dispute and held that the discretionary standard of Brillhart, rather than the narrower test of Colorado River, still governs a district court's decision whether to stay or dismiss a declaratory action.

This case presents the type of situation contemplated by Brillhart in which it would be an appropriate exercise of the Court's discretion to grant a dismissal.  In Brillhart, Excess Insurance Company brought a declaratory judgment action to determine its rights under a reinsurance agreement.  Under the reinsurance contract, Excess had agreed to reimburse Central Mutual Insurance Company for any ultimate net loss sustained by Central under Central's automobile liability policies.  Central issued a public liability policy to Cooper-Jarrett, Inc.  Later that year, Brillhart's decedent was killed by a truck leased by Cooper-

Jarrett.  Brillhart brought suit against Cooper-Jarrett in state court.  Central refused to defend Cooper-Jarrett, claiming that the suit was not covered by the policy.  Cooper-Jarrett abandoned its own defense of the suit, so Brillhart obtained a default judgment against Cooper-Jarrett and subsequently instituted garnishment proceedings against Central in state court.  Brillhart, 316 U.S. at 492.  Brillhart was unable to recover any part of the judgment from either Cooper-Jarrett or Central, so Brillhart made Excess a party to the garnishment proceeding though service on the state's superintendent of insurance.  Id. at 492 - 93.

In the meantime, Excess had filed a declaratory judgment action in a federal district court, seeking a declaration that it was not liable to Brillhart under its reinsurance agreement with Central.  Id. at 493.  The district court dismissed Excess' declaratory action, apparently because of a reluctance to prolong the litigation.  Id. at 493-94.  The federal circuit court of appeals reversed and directed the district court to proceed to a determination of the merits, holding that it was an abuse of discretion to dismiss the suit.  Id. at 494.

The U.S. Supreme Court reversed the circuit court, holding that the district court had discretion to dismiss Excess' declaratory action.  The Court explained that although the district court had jurisdiction under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction.  Id.  Brillhart's motion to dismiss was addressed to the discretion of the court.  Id.  The motion rested upon the claim that because a state court proceeding was pending in which all the matters in controversy between the parties could be fully adjudicated, therefore a declaratory judgment in the federal court was unwarranted.  Id. at 494 – 495.  The Supreme Court held that the correctness of this claim was certainly

relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties.  The Court observed that

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.  Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. at 495.

The Court opined that where a district court is presented with a claim such as Excess made, it should ascertain whether the questions in controversy could be settled in the state court proceeding.  Id.  The Court noted that whether or not Excess could be reached through a judgment against Cooper-Jarrett was a question of local, not federal, law.  Id. at 496.  The Court also noted that state law seemed to allow a garnishee to assert any defenses in a garnishment proceeding that would be open in a suit brought against him by the judgment debtor.  Id. at 497 (citations omitted).  Since the district court had never determined whether the questions in controversy in the federal declaratory action could be better settled in the pending state-court action, the Supreme Court directed that the cause be remanded back to the district court "in order that it may properly exercise its discretion in passing upon the petitioner's motion to dismiss this suit."  316 U.S. at 498.

The primary inquiry under Brillhart is "whether the claims of 'all parties in interest can be satisfactorily be adjudicated' in the state court proceeding."  Puckit, 818 F.Supp. at 1531, quoting Brillhart, 316 U.S. at 495.  The Eleventh Circuit has enumerated "factors for consideration to aid district courts in balancing state and federal interests," while providing a warning that "[o]ur list is neither absolute nor is any one factor controlling;  these are merely

guideposts in furtherance of the Supreme Court's admonitions in <u>Brillhart</u> and <u>Wilton</u>."

<u>Roach</u>, 411 F.3d at 1331.  These factors are

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"--that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court;  and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

<u>Id.</u>  Most, if not all, of these factors show that this Court should decline to exercise its discretion to issue a declaratory judgment in this action, and Count II should be dismissed.

Considering each of these nine factors from <u>Roach</u>, in turn, shows that this declaratory action should be dismissed.  (1) The issues raised in the declaratory action are all issues of state law, and the State of Florida has just as much of an interest in those issues as does the federal court.  (2) A judgment in this federal declaratory action will not completely settle the controversy because the Rockhills have raised issues of liability in the pending state court action which should be heard. (3) The federal declaratory action cannot serve any more of a useful purpose in clarifying the legal relations at stake in this entire dispute than can the state courts.  Ultimately, the present federal action would not resolve all issues between the

real parties in interest.  (4) Here, the declaratory remedy is being used merely for the purpose of "procedural fencing" in an attempt to accomplish a removal that would otherwise not be possible.  (5)  The fifth factor, whether the declaratory action would increase the friction between the federal and state courts and improperly encroach on state jurisdiction, does not lean either towards or against dismissal.  (6) There is an alternative remedy, the pending state court negligence action, that would be more effective at resolving all issues at stake.  (7) Related to the reason that the alternative remedy is more desirable, here, the underlying factual issues are important to an informed resolution of the case, and those issues will be heard by the state court.  (8)  The state trial court is in at least as good of a position to evaluate those factual issues as is the federal court.  (9) There is nothing in the federal common law which dictates a resolution of the legal issues presented.  The resolution of these issues, the interpretation of a contract, necessarily implicates state law.  Additionally, the state remedy is substantially the same as the remedy sought in federal court, therefore, this Court may decline to issue declaratory relief.  See Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330, 1333 (11th Cir. 1989).

IV.    **This Action Should Be Dismissed Because it is an Inappropriate Attempt at Forum Shopping**

Another reason why the Court should dismiss the action is to discourage Plaintiff's attempt at forum shopping.  See Puckit, 828 F.Supp. at 1532 – 33; Casualty Indem. Exchange v. High Croft Enterprises, Inc., 714 F.Supp. 1190, 1193 (S.D. Fla. 1989).  Plaintiff's filing of this action is a type of forum shopping that is referred to as "procedural fencing," which

occurs when a party files a declaratory action to accomplish something it could not do through removal.   In this case, Plaintiff cannot remove the negligence proceeding to this Court because there would not be complete diversity between the parties.   The Defendant in this action, Carol Osting Schwinn, is the plaintiff in the state negligence action, whereas the Rockhills, who are not joined in this action, and the defendants in the state court case.   As is alleged in the complaint in the state court negligence action, the Rockhills are citizens of the state of Florida, as is Carol Osting Schwinn.   <u>See</u> Exhibit A, ¶¶ 2, 4, and5.   There is not perfect diversity of citizenship in the negligence action and therefore it cannot be removed to federal court.   <u>See</u> <u>Wisconsin Dep't of Corrections v. Schacht</u>, 524 U.S. 381, 388 (1998). Therefore, Plaintiff's bringing of this declaratory action to adjudicate the same issue that is pending in the garnishment is a transparent attempt at "back door removal" that constitutes procedural fencing.   <u>See</u> <u>High Croft Enterprises</u>, 714 F.Supp. at 1193 (holding, "When a party files a declaratory judgment action for purposes of 'procedural fencing,' a court should exercise its discretion and dismiss the case.").

**V.      If Count I of this Action is not Dismissed under Fed. R. Civ. P. 12(b)(7), Then Count I Should Be Stayed Pending the Resolution of the State Court Action**

If this Court declines to dismiss Count I of this action under Fed. R. Civ. P. 12(b)(7), Defendant requests that Count I be stayed pending the resolution of the state court litigation. The factual circumstances of this action are very similar to those in <u>Great Lakes Dredge and Dock Co. v. Ebanks</u>, 870 F. Supp. 1112 (U.S. Dist. Ct. S.D. Ga. 1994).   In <u>Ebanks</u>, a seaman was injured while on the job.   <u>Id.</u> at 1114.   Ebanks, the injured seaman, without the assistance

of an attorney, began to negotiate a settlement for his injuries with the employer, Great Lakes Dredge and Dock.  Id.  When Ebanks hired an attorney, that attorney communicated to Great Lakes Dredge and Dock that the settlement offer was rejected.  Id.  Almost immediately after that rejection, Great Lakes filed a federal action for specific performance of the settlement agreement and for declaratory relief.  Id.  Three weeks later, Ebanks filed a complaint in a Florida state court against Great Lakes, seeking damages for his injuries.

In the federal action, Ebanks filed a motion to dismiss the count for declaratory relief and to stay the count seeking specific enforcement of the alleged settlement agreement, based on the pendency of the state court action.  The United States District Court for the Southern District of Georgia granted the motion in both respects.   It dismissed the count for declaratory relief based on the Brillhart doctrine.  Id. at 1117 - 19.  In considering the request to stay the count for specific performance, the court stated that it "cannot order specific performance of a settlement agreement without first declaring that an enforceable settlement agreement indeed exists.  Thus, it is rather disingenuous to suggest that the Court must treat … [a plaintiff's] claim for specific performance as completely separate from its claim for declaratory relief."  Id..  The specific performance count was stayed, as it should be in this action, if it is not dismissed.

WHEREFORE, Defendant, CAROL OSTING SCHWINN, respectfully requests that this Honorable Court dismiss Counts I and II the Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7), and that Count II also be dismissed in an exercise of this

Court's discretion under the Federal Declaratory Act, or, in the alternative, that Count I be stayed pending the resolution of the state court negligence action.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 23, 2005, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to: **William Stewart Berk, Esquire** and **Melissa McMillan Sims, Esquire**, Adorno & Yoss, LLP, 2525 Ponce De Leon Blvd., Suite 400, Miami, Fl, 33134-6012.

/s Kathryn Lee
DALE SWOPE
Florida Bar No. 261270
DaleS@swopelaw.com
KATHRYN LEE
Florida Bar No. 0675660
KathrynL@swopelaw.com
SWOPE, RODANTE P.A.
1234 E. 5th Ave.
Tampa, Fl 33605
(813) 273-0017
(813) 223-3678 (f)
Counsel for Carol Osting Schwinn