**UNITED STATES DISTRICT COURT**
**MIDDLE DISRICT OF FLORIDA**
**TAMPA DIVISION**

UNDERWRITERS AT LLOYD'S
LONDON,

Plaintiff

v. Case No.: 8:05-CV-1460-17TGW

CAROL OSTING-SCHWINN
As parent and legal guardian of
C.O., a minor,

Defendant
_______________________________________/

## ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

This cause is before the Court pursuant to Defendant, Carol Osting-Schwinn (Osting-Schwinn) Motion to Dismiss Second Amended Complaint and accompanying Memorandum of Law (Docket No. 23-1), filed December 5, 2005; and Plaintiff, Underwriters at Lloyd's, London (Lloyd's), Response in Opposition to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Docket No. 24), filed December, 15, 2005.

## BACKGROUND

This matter arises from a state court case between Carol Osting-Schwinn, as Plaintiff, and Michael Rockhill, Sr. (Rockhill, Sr.) and Michael Rockhill, Jr. (Rockhill, Jr.), as Defendants, for negligence for damages as a result of a collision on a dirt bike ridden by Michael Rockhill, Jr. and a four wheel ATV ridden by minor, C.O. As such, Lloyd's is seeking specific performance of a contract to settle this liability claim between Osting-Schwinn and Rockhill, Sr. Rockhill, Sr. holds a policy of liability insurance issued by Lloyd's.

Lloyd's asserts that Osting-Schwinn set forth a settlement offer on May 26, 2005, and

Underwriters accepted the offer on May 31, 2005. After acceptance, Lloyd's further asserts that

Osting-Schwinn breached the contract by refusing to provide a general release to Underwriters for all claims against the Rockhills. Therefore, Lloyd's are seeking a Declaratory Judgment as to whether the settlement offer is enforceable and precludes a negligence suit against the Rockhills in state court.

Defendant, Osting-Schwinn, sets forth several arguments for the dismissal of this cause of action. First, Osting-Schwinn asserts that Plaintiff, Lloyd's, does not have capacity to sue as an unincorporated association under Florida law and must, therefore, sue as individual underwriters. Further, because Lloyd's must sue as individuals, they have failed to allege all facts regarding citizenship as to establish diversity jurisdiction in this court. Second, Defendant asserts that this action should be dismissed with prejudice for failure to join a necessary party pursuant to Fed. R. Civ. P. 19 as governed by Rule 12(b)(7). Third, the defendant asserts that this action should be dismissed under the Declaratory Judgment Act pertaining to this Court's discretion. Fourth, that this action is improper forum shopping and should be dismissed as such. Finally, Defendant asserts that if this action is not dismissed, the action for specific performance should be stayed pending resolution of the state court action.

## DISCUSSION

### *I. Lloyd's Capacity to Bring Suit in Florida and Diversity Jurisdiction*

Defendant, Osting-Schwinn, asserts that Plaintiff, Lloyd's, lacks the capacity to sue or be sued as an unincorporated business association under Florida law. As an unincorporated association, Osting-Schwinn claims that Lloyd's may only sue as individual plaintiffs, and, because the Second Amended Complaint does not divulge the citizenship of each Plaintiff, they fail in asserting proper diversity jurisdiction. Florida common law does not allow an unincorporated association to sue in its own name, but it must sue in the names of the individuals composing the association. It is incumbent upon the complaining party to allege the diversity of all party's citizenship in order to obtain complete diversity jurisdiction. This holds true for entities such as labor unions, partnerships and even fraternities, as Defendant cited in Johnson v Meredith, 840 So. 2d 315 (Fla. 3d DCA 2003), but does not hold true for Underwriters at Lloyd's of London.

Lloyd's is not in the insurance business per se, but rather provides a market for the buying and selling of insurance risk, and is governed by British corporate law. See Certain Interested Underwriters at Lloyd's, London v. Layne, 26 F.3d 39 (6th Cir. 1994). Lloyd's consists of over 400 separate syndicates and over 30,000 members, sometimes called underwriters or names, who trade in insurance risk in the hopes of profiting. Requiring Lloyd's to allege complete diversity would not only be an unwieldy burden, but would also destroy the ability of Lloyd's or any of their insureds to pursue their legal rights through the federal judicial system. Were this to hold true, to enforce a judgment against Lloyd's would require an insured to sue each underwriter individually. As all underwriters at Lloyd's cannot be brought into every action, the real party to the controversy must be found. Id. at 42.

The lead underwriters at Lloyd's are generally appointed by the syndicate they represent, which may often be undisclosed. Id. The lead underwriters subscribe the insurance contracts with the insured and are liable for the entire amount as a matter of law. As agents for undisclosed principals, the underwriters are the real parties to the controversy. Further, federal and state courts have allowed numerous cases to proceed in which Underwriters at Lloyd's, London was a party, and the state Legislature acknowledged Lloyd's importance in commerce by declaring them a person under the Florida Insurance Code §624.04. This recognition of Lloyd's ability to bring suit, combined with the lead underwriter being named as a citizen of Great Britain in the complaint allows diversity jurisdiction to hold. To do otherwise would prevent all policy holders and injured third parties from seeking a claim against Lloyd's in Florida courts.

II. Dismissal for Failure to Join Proper Interested Parties

Here, Defendant, Osting-Schwinn, argues that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join the Rockhills as necessary and indispensable parties under Rule 19. The joinder of the Rockhills would remove jurisdiction from this Court as total diversity of the parties would fail. Fed. R. Civ. P. 19(a) states:

> A person…shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest

> relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest…

Defendant states that because the current proceeding, under Count I, seeks a specific performance to require Defendant to execute a document releasing the Rockhills from liability, that they are an indispensable party to this action. Under Fed. R. Civ. P 19(a)(1) the absence of the Rockhills will not be detrimental to according relief to Plaintiff, Lloyd's. Further, under Fed. R. Civ. P 19(a)(2), the Rockhills do have an interest in the action, however, their motion to dismiss fails under both sections (i) and (ii).

The Rockhills have an interest as third party beneficiaries in this action because Plaintiff, Lloyd's, seeks specific performance on a settlement contract for Defendant, Osting-Scwinn, to release the Rockhills from further liability due to the accident. However, the Rockhill's absence will not be detrimental to their ability to protect this interest. Should Defendant, Osting-Schwinn, prevail, the Rockhills will be in the same situation that they are in currently, facing a negligence suit in state court. Conversely, should Plaintiff, Lloyd's, prevail, then the Rockhills will be released of all claims asserted by Osting-Schwinn, and the settlement will be effectuated. Should the Rockhills only benefit if Lloyd's were to prevail, then, as insureds, they would not be indispensable parties to the proceeding. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102,114 (1968).

Further, under Fed. R. Civ. P 19(a)(2)(ii), the Rockhill's absence to this proceeding will not place substantial risk of multiple or inconsistent obligations upon Plaintiff, Lloyd's or themselves. In the pending case in state court, the Rockhills initially set forth an affirmative defense that a settlement had been reached regarding liability in the underlying accident. However, in response to Osting-Schwinn's motion to strike, the Rockhills withdrew their affirmative defense of settlement. Had the Rockhills not withdrawn that defense, then this motion to dismiss would be viewed in a different light and there might arise the possibility of inconsistent obligations being incurred. As it currently stands, there is no opportunity for inconsistent obligations to be incurred.

Fed. R. Civ. P. 19(b) puts forth four factors for consideration as to whether an absent party can be found indispensable. The Rule states:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Because the issues within Fed. R. Civ. P 19(a) are not met as to find for dismissal, the factors stated under Rule 19(b) also are not met. First, a judgment rendered in the absence of the Rockhills will not be unduly prejudicial against them, as stated supra. Second, there is no need to determine protective provisions in the judgment because the case at hand is substantially different from that proceeding in state court. The state court case is an action in negligence whereas the matter at hand seeks to determine whether a settlement agreement was reached. Third, should Lloyd's prevail, the judgment will be adequate absent the Rockhills. The settlement agreement was made between Lloyd's and Osting-Schwinn, with the Rockhills only as third party beneficiaries, not actual parties to the contract. Fourth, Plaintiff, Lloyd's could seek adequate remedy in the state courts, however, this Court holds proper jurisdiction and, thus, is the more suitable forum. As such, the Court can proceed with this action in equity and good conscience, as the Rockhills are not indispensable parties to the action.

For the above reasons, the Rockhills are not deemed to be indispensable party plaintiffs to the proceeding at hand, and so Defendant, Osting-Schwinn's argument for dismissal based on Fed. R. Civ. P. 19(a) and (b) fails. The Rockhill's absence to the proceeding does not abrogate complete relief from being granted to the current parties. Although they are interested as third party beneficiaries to the contract between Osting-Schwinn and Lloyd's, their absence neither impairs their ability to protect their interest, nor does it leave opportunity for multiple or inconsistent obligations for the current parties.

## III. Consideration of Declaratory Judgment

Defendant, Osting-Schwinn, here contends that this Court should abstain from granting a hearing for declaratory judgment as it is within the Court's considerable discretion to do so when there is a pending state court action involving the same controversy. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). Osting-Schwinn profers nine guidepost factors for determining a court's discretion to dismiss as enumerated by the Eleventh Circuit in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 at 1331 (11th Cir. 2005).

Even in consideration of the nine factors, discretion for dismissal on a declaratory judgment action still falls within the basis of Brillhart and its two main tenants: Is there a pending state court case raising the same issues, and are the parties in the state court case identical? The issues in the current case are not the same as those pending in state court, and the parties are not identical. See Brillhart at 495.

First, the issues facing this court are whether a settlement was reached, and, if said settlement should be specifically performed. The issues pending in the state court case are for negligence and liability in the underlying motorbike accident. In the state court case, the Rockhills withdrew their affirmative defense of a previous settlement, and as such, it is not at issue there. Second, the parties are not identical in the two cases. The Rockhills are merely third party beneficiaries to the insurance policy and settlement agreement at issue in the case before this Court. As stated above, the Rockhills could only be affected by a ruling in favor of Lloyd's in this case, and as this would be positive for them, not be unduly prejudiced.

Further, in applying the factors set forth by Roach, there are not sufficient grounds to for dismissal. First, the states interests are not so unique or novel so as to compel this Court to abstain jurisdiction of the case. Roach, 411 F.3d at 1331. There are Florida state law issues in contention, but the jurisdiction is properly held in Federal Court. Second, should there be a judgment in favor of Plaintiff, Lloyd's, then the matter will be completely settled. Id. However, should judgment be rendered for Defendant, Osting-Schwinn, and then again for them in state court, this matter could easily return to this court in another suit to collect damages. As there is a possibility of resolution of the matter now, this case should be heard. Third, a declaratory judgment would serve a useful purpose in clarifying the legal relations between Lloyd's and Osting-Schwinn regarding their contractual obligations. Id. Fourth, procedural fencing has not

occurred in Lloyd's bringing suit in this Court. Lloyd's brought this action in the proper jurisdictional forum. As a citizen of a foreign country, there is no requirement to bring suit in a state court when the proper forum between such diverse parties is the Federal Court, and there is no need to motion for removal from state courts. Fifth, a declaratory judgment in this action would not necessarily cause friction between the state and federal systems, because only a ruling in favor of Lloyd's would create res over the state court, and as that case is pending, there would be no conflict between the rulings. Regarding factors six through nine, although there may be an alternative remedy, the underlying factual issues as to the accident have little or no bearing on the contractual agreement between Lloyd's and Osting-Schwinn at hand. Also, although the state court may be in a better position to evaluate the facts as to the accident, there is not a sufficient nexus between an accident and a contractual arrangement to justify dismissal.

IV. Stay on the Pending Action

Defendant, Osting-Schwinn requests that Count I of this action be stayed pending resolution of the state court action. In requesting this stay, Osting-Schwinn depends entirely on Great Lakes Dredge and Dock Co. v. Ebanks, 870 F. Supp. 1112 (U.S. Dist. Ct. S.D. Ga. 1994) in which the District Court granted both dismissal and a stay on the action. Great Lakes Dredge at 1114. The dismissal of one count was based on based on the Brillhart Doctrine, whereby the issues in controversy were was a pending case in state court based on the same issues being argued by identical parties. Id. at 1117-1119. Already, Great Lakes Dredge is dissimilar to the case at hand.

Further, Great Lakes Dredge differs from this case in its motion to stay a count in that Ebanks was seeking a declaration as to the existence of a settlement agreement. Id. at 1119. Herein, Plaintiff, Lloyd's are not seeking a declaration of existence, but rather a determination as to the terms and conditions of the agreement, specifically, that the agreement precludes a negligence suit in state court. The Court in Great Lakes Dredge agreed with Ebanks that staying the count would avoid piecemeal litigation, but this would not be so in this case as discussed above. Id. Also, the issues in contention before this court cannot be decided upon in the course of the state court proceeding because the Rockhills have struck the affirmative defense of a prior


settlement agreement, creating more dissimilarity between this case and Great Lakes Dredge. Id. at 1120. For the above reasons, this Court will not stay Count I in the current action.

V. Conclusion

This Court will neither dismiss nor stay this action between Plaintiff, Lloyd's, and Defendant, Osting-Schwinn. Defendant's Motion to Dismiss for a lack of capacity to bring suit by Lloyd's must fail because Lloyd's of London is recognized under Florida law as a foreign entity and they, therefore, have standing to bring suit under complete diversity jurisdiction. This case is between Lloyd's and Osting-Schwinn, the Rockhills are tertiary parties who would only benefit with a judgment for Lloyd's. The Rockhills do not meet the criteria as indispensable parties under Fed. R. Civ. P. 19(a) and (b), and as such, the motion to dismiss for failure to join a party must fail. Despite the guideposts set by the Eleventh Circuit in Roach, Osting-Schwinn's argument for dismissal under the Brillhart Doctrine must fail because the essential elements of Brillhart are not met. There is not a state court case pending between identical parties regarding substantially similar issues of state law because the Rockhills struck their affirmative defense of a prior settlement agreement. Finally, Osting-Schwinn's motion to stay Count I of Lloyd's complaint fails because a judgment in this case would not create piecemeal litigation, nor could judgment be rendered on it in the state court case. Accordingly, it is

**ORDERED** that the Motion to Dismiss Second Ammended Complaint by Defendant Carol Osting-Schwinn (Docket No. 23) be **DENIED,** and the defendant shall have ten days from this date to answer the complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 12th day of April, 2006.

Case No.:8:05-CV-1460-17TWG

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record