## UNITED STATES DISTRICT COURT
## MIDDLE DISRICT OF FLORIDA
### TAMPA DIVISION

UNDERWRITERS AT LLOYD'S
LONDON,

    Plaintiff,

v.                                            Case No.: 8:05-CV-1460-17TGW

CAROL OSTING-SCHWINN
As parent and legal guardian of
C.O., a minor,

    Defendant,
_____/

### ORDER ON DEFENDANT'S MOTION TO ADD
### PARTY PLAINTIFF

This cause is before the Court pursuant to Defendant, Carol Osting-Schwinn (Osting-Schwinn) Motion to Add Michael Rockhill, Sr. as a Party Plaintiff and accompanying Memorandum of Law (Docket No. 28), filed February 2, 2006; and Plaintiff, Underwriters at Lloyd's, London (Lloyd's), Response in Opposition to Add Michael Rockhill, Sr. as a Party Plaintiff and Incorporated Memorandum of Law (Docket No. 31), filed February 21, 2006.

### Background

This is the second motion filed by the Defendant in this case seeking to add Michael Rockhill, Sr. (Rockhill) as a party plaintiff. This motion seeks to achieve the addition of Rockhill through means of Fed. R. Civ. P. 19 and Florida's long-arm statute (49.193(1)(b), Florida Statutes (2005)).

**Discussion**

Regarding Defendant's arguments that Rockhill should be added as a party plaintiff under the impediment to defense and inconsistent obligations clauses of Rule 19(a) and indispensable part factors of Rule 19(b), this Court has previously denied nearly identical arguments in its Order on Defendant's Motion to Dismiss Second Amended Complaint (Docket No. 32), filed April 12, 2006. The Defendant only notes that should the court fail to join Rockhill as an indispensable party, then she will seek a declaration as to the validity of the settlement agreement, thus, causing Rockhill to be indispensable to the claim as a party to the agreement. Should the Defendant be allowed to proceed along that line then the Court will consider the issue, if raised, at that time. As it stands, the Court finds no new reasons as to why it should overturn its previous order.

Defendant's second argument is that Rockhill should be found subject to service of process under Florida's long-arm statute. Defendant cites to three cases in the memorandum of law noting that the minimum contacts requirement if fulfilled as between Rockhill and the State of Florida. This holds true as Rockhill was the legal owner of the motor vehicle at the time of the accident and gave permission for his son to use it in the State of Florida. As such, Defendant, Osting-Schwin has brought suit against Rockhill in state court for negligence. However, the long-arm statute will not be applicable before this Court.

Defendant attempts to draw parallels from <u>Athanassiadis v. Nat'l Car Rental System, Inc.</u>, 699 So.2d 333, to this case. Therein, the Florida Fifth District Court of Appeals found that the long-arm statute could hold personal jurisdiction over a nonresident defendant for a cause of action arising from a breach of contract when the underlying act was a tort. However, this differs from this case in that National Car Rental was seeking indemnity against Athanassiadis for his negligence, in state court. The contract was directly between the two parties, and Athanassiadis was the actual tortfeasor. The case at hand arises from an alleged breach of contract by Osting-Schwinn against Lloyd's, not an alleged breach by Rockhill against Osting-Schwinn. Rockhill is a tertiary party to this action, opposed to Athanassiadis, who was a direct actor. Therefore,

this is a case of contract between the named parties herein, and the long arm-statute is not sufficient so as to apply to Rockhill.  Accordingly, it is

**ORDERED** that Defendant's Motion to Add Michael Rockhill, Sr. as a Party Plaintiff  (Docket No.  28) be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the  26th day of April, 2006



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record