# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNDERWRITERS AT LLYOD'S,
LONDON,

    Plaintiff,

vs.                                    CASE NO.: 8:05-CV-1460-T-17TGW

CAROL OSTING-SCHWINN,
as parent and legal guardian of
C.O., a minor

    Defendant.
_____/

## **ORDER ON PLAINTIFF'S MOTION TO STRIKE**

This cause is before the Court pursuant to Plaintiff, Underwriters at Lloyd's London ("Underwriters"), Motion to Strike (Docket No. 38), filed May 9, 2006; and Defendant, Carol Osting-Schwinn ("Osting-Schwinn"), Response in Opposition to Underwriter's Motion to Strike (Docket No. 39), filed May 22, 2006.

## **BACKGROUND**

This matter arises from a state court case between Osting-Schwinn, as Plaintiff, and Michael Rockhill, Sr. ("Rockhill, Sr.") and Michael Rockhill, Jr. ("Rockhill, Jr."), as Defendants, for negligence as a result of a collision between a dirt bike ridden by Rockhill, Jr. and a four-wheel ATV ridden by minor, C.O. Rockhill, Sr. holds a policy of liability insurance issued by Underwriters (Docket No. 1). Underwriters is seeking specific performance of a contract to settle this liability claim between Osting-Schwinn and Rockhill, Sr. (Docket No. 1).

Underwriters asserts that Osting-Schwinn set forth a settlement offer on May 26, 2005, and that Underwriters accepted this offer on May 31, 2005 (Docket No. 1). After the alleged acceptance, Underwriters asserts that Osting-Schwinn breached the contract by refusing to provide a general release to Underwriters for all claims against the Rockhills (Docket No. 1).

Osting-Schwinn moved to add the Rockhills as indispensable parties (Docket No. 28). This Court denied that motion (Docket No. 32). Underwriters now moves to strike

the mention of the Rockhills in paragraphs 19 and 20 of Osting-Schwinn's counter-claim (Docket No. 38). These paragraphs state, respectively:

> 19. By virtue of the foregoing, an actual, justiciable controversy exists as to whether OSTING-SCHWINN entered into a binding contract with UNDERWRITERS or its insureds, Michael Rockhill, Sr. and Michael Rockhill, Jr. for causing personal injuries to C.O.
>
> 20. OSTING-SCHWINN seeks a declaration from this Court that there is no such settlement agreement.
> WHEREFORE Counter-Petitioner CAROL OSTING-SCHWINN respectfully requests this Honorable Court to enter a judgment declaring that OSTING-SCHWINN has not entered into any binding contract with UNDERWRITERS or its insureds, Michael Rockhill, Sr. and Michael Rockhill, Jr., to settle the liability claim of OSTING-SCHWINN against Michael Rockhill, Sr. and Michael Rockhill, Jr. for causing personal injuries to C.O. (Docket No. 34)

## **DISCUSSION**

Fed. R. Civ. P. 12(f) states, in pertinent part, that "...upon motion made by a party within 20 days after the service of the pleading upon the party...the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Underwriters contends that Osting-Schwinn's counter-claim "contains no allegations supporting the existence of any controversy between herself and Michael Rockhill, Sr., or Michael Rockhill, Jr." and that, therefore, "all allegations involving the Rockhills are immaterial and impertinent to the instant action and should be stricken." (Docket No. 38)

"Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Carlson Corp./Southeast v. School Bd. of Seminole County, Fla.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (citing *Poston v. American President Lines*, *Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978), *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962)). Thus for this Court to grant Underwriters' motion to strike, it should be shown that the Rockhills likely have no possible relation to the controversy and that the mention of the Rockhills in the allegations will likely prejudice Underwriters.

2

**CASE NO. 8:05-CIV-1460-T-17TGW**

It is possible, even if the Rockhills were not involved in the negotiations between Underwriters and Osting-Schwinn, that the Rockhills bear some relation to the controversy at issue here. On April 26, 2006 this Court denied Osting-Schwinn's motion to add the Rockhills as indispensable parties (Docket No. 35). However, a finding that the Rockhills are not indispensable parties does not mean that the Rockhills bear no possible relation to this controversy. In fact, in this Court's order on Osting-Schwinn's motion to add the Rockhills we stated:

> The Defendant only notes that should the court fail to join Rockhill as an indispensable party, then she will seek a declaration as to the validity of the settlement agreement, thus, causing Rockhill to be indispensable to the claim as a party to the agreement. Should the Defendant be allowed to proceed along that line then the Court will consider the issue, if raised, at that time. As it stands, the Court finds no new reasons as to why it should overturn its previous order. (Docket No. 35)

Since we left open the possibility of the Rockhills being added as indispensable parties at a later time, it cannot be said that the Rockhills bear no possible relation to the controversy at issue here. In addition, it has not been shown that the mention of the Rockhills in the allegations will cause any prejudice to Underwriters. Accordingly, it is

**ORDERED** that the Plaintiff's motion to strike (Docket No. 38) be denied.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 5th day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record