UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNDERWRITERS AT LLOYD'S LONDON,
                    Plaintiffs,

v.                                                                  Case No: 8:05-cv1460-T-17TGW

CAROL OSTING-SCHWINN,
as parent and legal guardian of C.O., a minor,
                    Defendant,

and

CAROL OSTING-SCHWINN,
as parent and legal guardian of C.O., a minor,
                    Counter-Plaintiff,
v.

UNDERWRITERS AT LLOYD'S LONDON,
                    Counter-Defendants,
_____/

**ORDER ON JOINT MOTION OF PLAINTIFFS/COUNTER-DEFENDANTS AND
DEFENDANT/COUNTER-PLAINTIFF FOR RECONSIDERATION OF ORDER
DENYING THE PARTIES' MOTION FOR SUMMARY JUDGMENT**

        This case comes before this Court on a Joint Motion of Plaintiffs/Counter-Defendants

and Defendant/Counter-Plaintiffs (hereinafter collectively referred to as the "parties") for

Reconsideration of Order Denying the Parties' Motions for Summary Judgment.  (Dkt. 132).

For the Reasons set forth below the Joint Motion to Reconsider is **Granted** and the parties'

respective motions are **Denied**.

## BACKGROUND

        A factual account of this matter is detailed in this Court's Order denying both Parties'

Motions for Summary Judgment.  (Dkt. 118).  Accordingly, only a brief synopsis of the dispute

is necessary at this point.  Both parties agree that on May 26, 2005, Carol Osting-Schwinn's

(Defendant) attorney sent a new settlement offer, with a twenty-day lapse period, for essentially the same terms previously offered, and he further highlighted the lack of compliance with the relevant statute.   (Dkt. 87, Exh. A, ¶¶ 31-32; Dkt. 96, p. 2; Dkt. 132, ¶ 2).  According to Underwriter's at Lloyd's London (Plaintiffs), Mr. Berk, on May 31, 2005, accepted the offer and agreed with all material terms therein.  (Dkt. 87, ¶ 21; Dkt. 132, ¶ 2).  Defendant maintains that Plaintiffs' failure to fully comply with all material conditions of the settlement – namely Fla. Stat. § 627.4137 – prevents the legal consummation of a binding agreement.  (Dkt. 132, pp. 9-10).  Specifically, Defendant alleges that Plaintiffs failed to provide a list of all known insurers that may have coverage liability for the insured.  Additionally, Defendant contends that Keith Utermark, president of American Shield, is not a "corporate officer, claims manager, or superintendent" authorized to verify the authenticity of Plaintiffs' policy.

Defendant filed a Motion for Summary Judgment on January 19, 2007, (Dkt. 73), and Plaintiffs filed a Motion for Summary Judgment on January 22, 2007, (Dkt. 97).  The Court denied each and set forth two disputed issues of fact for the fact-finder to resolve.  (Dkt.  118).  First, whether Plaintiff satisfied the requirement under Fla. Stat. § 627.4137 to disclose all known insurers.  Second, whether Keith Utermark, as president of the American Shield Insurance Group, had the authority under Fla. Stat. § 627.4137 to provide the information enumerated therein on Plaintiffs' behalf.  The parties now urge this Court to reconsider their respective motions and issue a final ruling as a matter of law.

## **STANDARD OF REVIEW**

Summary Judgment is appropriate when "there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Any fact is material if it could influence the fact-finder's determination of an issue that affects the

outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court, however, is not called upon to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  The Court's role is not to resolve genuine factual issues; when genuine issues are present, the Court must deny the motion and proceed to trial. *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1369 (11th Cir. 1982).

## DISCUSSION

### I.  Parties' Joint Motion for Reconsideration (Dkt. 132).

The parties seek reconsideration of this Court's June, 14, 2007, Order denying summary judgment for either party.  (Dkt. 118).  Only in extraordinary circumstances that justify expending the scant resources of the Court will a motion for reconsideration be granted. *See Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D. Pa. 1992).  Even in the most compelling circumstances, whether to grant or deny the motion is at the discretion of the Court. *See Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).  There are three identifiable bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

The parties argue that "the Court committed clear error in ruling that the two issues referenced in the Court's Order are issues of fact." (Dkt. 132, p. 4).  The dispute rests on whether a binding settlement agreement exists between the parties.  The settlement agreement

required Plaintiff to fully comply with Fla. Stat. § 627.4137.  The two issues presented in the aforementioned order preclude this Court from ruling that the parties reached a binding settlement agreement.  After a careful review of the parties' Joint Motion, this Court can properly resolve only one of the two disputed positions as a matter of law.  *Infra* at (I)(B).   In the interest of justice the Court will reconsider the parties' Joint Motion in hope that the litigants will resolve the one remaining factual issue that can put this dispute to rest.  *See generally, Broadway v. City of Montgomery*, 530 F.2d 657 (5th Cir. 1976).

It is undisputed that "full compliance" with Fla. Stat. § 627.4137 was a material element of the settlement agreement between the parties.  (Dkt. 132, p. 8).  The question is merely what is required to fully comply with the statute.  In other words, the dispute centers on what information an insurer must disclose and the manner in which it must be disclosed when a claimant demands compliance with the statute as part of settlement negotiations.  First and foremost, the Court must look to the substantive law to determine if any factual issues in dispute could potentially affect the rights of the parties.  *See Liberty Lobby, Inc.*, 477 U.S. at 248.  The two issues before this Court can only be answered by examining an insurer's statutory obligations under the statute.  Indeed, Fla. Stat. § 627.4137(1) enumerates not only the information an insurer must provide when so requested, but also the manner is which it must be provided.[1]

---

[1] Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made *shall provide*, within 30 days of the written request of the claimant, a statement, *under oath, of a corporate officer or the insurer's claims manager or superintendent* setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:

    (a) The name of the insurer.
    (b) The name of each insured.
    (c) The limits of the liability coverage.
    (d) A statement of any policy or coverage defense which such insurer reasonably
        believes is available to such insurer at the time of filing such statement.

4

## A.  An Insurer, Upon Request, Has a Duty to Disclose All Known Insurers.

Under Florida law, it is well-settled that in the absence of ambiguity the plain meaning of the statute prevails.  *Joshua v. City of Gainesville*, 768 So.2d 432, 435 (Fla. 2000); *Holly v. Auld*, 450 So.2d 217, 219 (Fla. 1984).  If the statutory language leads to more than one reasonable interpretation then the Court must employ canons of statutory construction to construe the statute's meaning.  *Holly*, 450 So.2d at 219.  While no Florida court has squarely addressed this issue,[2] the Court is confident that the statute's meaning can be gleaned from the legislature's ink.

The statute imposes obligations on both insurers and insureds, upon request, to furnish claimants with all known information pertaining to insurance coverage.  Beginning with insurers, the statute requires disclosure of certain information with respect to "each *known* policy of insurance, including excess or umbrella insurance."   Fla. Stat. § 627.4137(1) (emphasis added).  The legislature could not have included the word "known" to impose only an obligation to disclose that insurer's own coverage information.  To hold otherwise would flout the canon of

---

(e) A copy of the policy.

In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.

Fla. Stat. § 627.4137(1) (emphasis added).

[2] No Florida court has squarely addressed whether Fla. Stat. § 627.4137(1) imposes a duty on the insurer to provide information pertaining to other potential insurers when the request is sent directly to the insurer and not the insured.  *See GEICO v. Florida Emergency Physicians*, 972 So.2d 966, 969 (Fla. 5th DCA 2007) (holding only that the statute does not require insurers to disclose payment logs); **Schlosser v. Perez,** *832 So.2d 179* (Fla. 2d DCA 2002) (addressing a situation where the claimant's request was sent to both the insured and the insurer); *Cheverie v. Geisser*, 783 So.2d 1115, 1119 (Fla. 4th DCA 2001) (stating that "the legislature recognized the importance of a claimant's access to this type of information in making settlement decisions" without directly addressing the issue).

statutory construction that a court should not render meaningless the inclusion of a word in a statute.  *See Beck v. Prupis*, 529 U.S. 494, 506 (2000); *Morgan v. Illinois*, 504 U.S. 719, 738 (1992).  Moreover, an insurer must provide the "name of each insurer" with respect to "each known policy."  Fla. Stat. § 627.4137(1).  The statute most naturally imposes an obligation, if requested, on insurers to provide to wanting claimants information pertaining to other known insurers.  It is not unduly burdensome, if at all, to expect insurers to disclose that information which it already has, or soon will have, in its possession.  The statute does not direct insurers to engage in massive discovery efforts to assist claimants in obtaining this information.  It merely requires disclosure of all known insurance coverage to assist a claimant in making an informed decision regarding settlement.

Essentially, a claimant may obtain the information through either the insured or the insurer at the claimant's own behest.  The statute provides an alternative medium through which a claimant may obtain the information– the insured or the insured's insurance agent.  The last paragraph in the subsection requires the insured "upon written request . . . [to] disclose the name and coverage of each known insurer to the claimant."  Fla. Stat. § 627.4137(1).  The parties do not dispute this obligation on the part of an insured.  (Dkt.  132).  Defendant, however, argues that it is sufficient to request information from an insurer, in this case the Plaintiffs, and expect compliance by the insured.  While Defendant's calculus is not easily reconciled with the plain meaning of the statute the product remains the same.  In that, if Plaintiffs had actual knowledge of the name and coverage of other insurers then it would have been required to disclose, within the specified time, this information pursuant to the statute.  This Court's reading of the plain language of the statute is bolstered by the fact that the legislature considered vital to settlement

negotiations all information relevant to insurance coverage providers. *Cf. Cheverie*, 783 So.2d at 1119.

Both parties present reasonable views of the statute. Plaintiffs take the position that the statute only obligates insurers to provide "the information set forth in subheadings (a) – (e)" as it relates to the individual insurer. (Dkt. 132, p. 7). Information pertaining to other potential insurers, according to Plaintiffs, is made available only when requested from the policyholder (insurer) or their insurance agents; whereas, Defendant contends that it requested, and the statute mandates, Plaintiffs to "disclose the name and coverage of each known insurer" in order to fully asses the insured's insurance coverage and ability to settle. (Dkt. 132, pp. 7–9). Whether Plaintiffs fulfilled their obligations under the statute is axiomatic to the resolution of this dispute. Despite the parties' best efforts, however, the Court cannot decide that issue as a matter of law. The material fact left open for dispute is whether Plaintiffs knew of any other insurers at the time of the request.[3] It is this fact that gives rise to the obligation to disclose under the statute.

At the end of the day, whether Plaintiffs complied with the statute, thus creating a binding settlement agreement, is not properly decided on a motion for summary judgment. *Cf. Figueroa v. U.S. Sec. Ins. Co.*, 664 So.2d 1130, 1131 (Fla. 3d DCA 1995) ("A defense is not a sufficient basis for granting a motion for summary judgment unless the evidence supporting that defense is so compelling as to establish that no issue of material fact actually exists."). It is not appropriate, at this point, to determine as a matter of law whether Plaintiff complied with the statutory obligation to disclose all known insurers. Accordingly, it is inappropriate to grant Plaintiff's motion for summary judgment regardless of the Court's decision with respect to Keith Utermark's Affidavit. Defendant's motion for summary judgment, however, will be granted if

---

[3] This issue can be resolved if the parties come to an agreement as to whether Plaintiff had knowledge of other insurers during the contractual period.

the Court finds that Plaintiff failed to satisfy the requirement to send a sworn copy of its own

policy.  *See* Fla. Stat. § 627.4137(1).

### B.  Keith Utermark's Affidavit Complied with Fla. Stat. § 627.4137.

If Plaintiff failed to provide a properly sworn copy of its own insurance policy then no

settlement agreement was reached as a matter of law.  Specifically, Defendant argues that Mr.

Utermark is not a proper person to authenticate Plaintiff's policy under the statute.  (Dkt. 132, p.

13).  Plaintiff does not argue that Mr. Utermark is "a corporate officer or the insurer's claims

manager or superintendent."  See Fla. Stat. § 627.4137.  Rather, Plaintiff relies on the "unique

structure of surplus line insurers" and argues that Florida insurance law gives special

consideration to this fact.  (Dkt. 132, p. 11).  Surplus line insurers may be exempt from certain

statutory provisions.  *See Essex Ins. Co. v. Zota*, 466 F.3d 981, 990 (11th Cir. 2006) (certifying

to the Florida Supreme Court, *inter alia*, "whether Fla. Stat. § 627.428 applies to surplus line

insurers"); *Chacin v. Generali Assicurazioni Generali Spa*, 655 So.2d 1162, 1162 (Fla. 3d DCA

1995) (relying on the 4th DCA's decision in *English* to hold that Fla. Stat. § 627.428 applies to

surplus line insurers); *English & Am. Ins. Co. v. Swain Groves*, 218 So.2d 453, 458 (Fla. 4th

DCA 1969) (holding that Fla. Stat. § 627.0127, now § 627.428, applies to surplus line insurers).

Prior to this Motion, however, Plaintiffs acted in such a manner indicating that they were subject

to the statute's provisions.  By agreeing to fully comply with Fla. Stat. § 627.4137, Plaintiffs

agreed to act in a manner consistent with a statutory provision that may be otherwise

inapplicable.  The question still remains whether Plaintiffs complied with the statute when they

furnished a statement from Mr. Utermark swearing to the authenticity of the policy.

It is fair to read the statute to allow a corporate executive of a surplus lines insurer to

attest to the validity of a policy.  Five days after Defendant sent Plaintiffs a new settlement offer

requesting full compliance with the statute, they received a copy of the policy with a signed affidavit from Mr. Utermark, president of American Shield Group, Plaintiffs' surplus lines agent. This affidavit attested to the validity of the document.  Moreover, as Plaintiffs note, "[a]ny surplus lines agent who knowingly or negligently issues a false certificate, cover note, or confirmation of insurance . . . shall, upon conviction, be subject to the penalties provided by s. 624.15 or to any greater applicable penalty otherwise provided by law."  Fla. Stat. § 626.922(5). It is fair to say that based on the unique nature of an insurance contract when surplus lines agents are involved it is permissible for Mr. Utermark, as the top corporate executive for American Shield Group, to certify under penalty the policy's authenticity.[4]

## CONCLUSION

Having read the parties' Joint Motion for Reconsideration, this Court find sufficient cause to reconsider the parties' respective motions.  Accordingly, it is:

---

[4] The later submission of Duncan Smith's affidavit, although not dispositive, indicates Plaintiffs' willingness to at least provide a certified copy of the policy under Fla. Stat. § 627.4137.

**ORDERED** that the parties Joint Motion for Reconsideration (Dkt. 132) be **Granted in part**, in that the Court has decided the second issue of this case as a matter of law.  Further, it is **ORDERED** that the Plaintiffs' amended motion for summary judgment (Dkt. 97) be **Denied**, and Defendant's counter-motion for summary judgment (Dkt. 87) be **Denied**, since the Court has found there still exists a factual issue in dispute.  Plaintiffs and Defendant must inform the Court within fifteen (15) days of this Order how much time is needed to try the remaining issue.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 18th day of March 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record