UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNDERWRITERS AT LLOYD'S
LONDON,

    Plaintiffs

v.                                                   Case No.: 8:05-CV-1460-T-17TGW

CAROL OSTING-SCHWINN,
as parent and legal guardian of
C.O., a minor,

    Defendant,

and

CAROL OSTING-SCHWINN,
as parent and legal guardian of
C.O., a minor,

    Counter-Plaintiff,

v.

UNDERWRITERS AT LLOYD'S
LONDON,

    Counter-Defendants.

_____/

## **ORDER ON MOTIONS**

This matter came before the Court on a Rule 59(e) Motion of Defendant/Counter-Plaintiff to Alter or Amend Judgment, (Dkt. 172), Plaintiff's/Counter-Defendant's response thereto, (Dkt. 178), Plaintiff's/Counter-Defendant's Motion for Enforcement of Settlement, (Dkt. 175), Defendant's/Counter-Plaintiff's response thereto, (Dkt. 180), Plaintiff's/Counter-

1

Defendant's Motion for Taxable Costs, (Dkt. 173), and Defendant's/Counter-Plaintiff's objection thereto, (Dkt. 181).  After careful consideration and for the Reasons set forth below, the Rule 59(e) Motion of Defendant/Counter-Plaintiff to Alter or Amend Judgment is **Denied**, the Amended Motion of Plaintiff/Counter-Defendant for Enforcement of Settlement is **Granted**, and the Motion of Plaintiff/Counter-Defendant for Taxable Costs is **Deferred**.

## BACKGROUND

A factual account of this matter is detailed in this Court's Order denying both Parties' Motions for Summary Judgment.  (Dkt. 118).  The facts discussed there are incorporated herein by reference.  Accordingly, only a brief synopsis of the dispute is needed here.

Both parties agree that on May 26, 2005, Defendant/Counter-Plaintiff Carol Osting-Schwinn's (Osting-Schwinn) attorney sent a new settlement offer, with a twenty-day lapse period, for essentially the same terms previously offered, and he further highlighted the lack of compliance with the relevant statute.  (Dkt. 87, Exh. A, ¶¶ 31–32; Dkt. 96, p. 2; Dkt. 132, ¶ 2).  According to Plaintiff/Counter-Defendant Underwriters at Lloyd's London (Underwriters), Mr. Berk, on May 31, 2005, accepted the offer and agreed with all material terms therein.  (Dkt. 87, ¶ 21; Dkt. 132, ¶ 2).  Osting-Schwinn maintains that Underwriters's failure to fully comply with all material conditions of the settlement—namely Fla. Stat. § 627.4137—prevents the legal consummation of a binding agreement.  (Dkt. 132, pp. 9-10).  Specifically, Osting-Schwinn alleges that Underwriters failed to provide a list of all known insurers that may have coverage liability for the insured.  Additionally, Defendant contends that Keith Utermark, president of American Shield, is not a "corporate officer, claims manager, or superintendent" authorized to verify the authenticity of Underwriters's policy.

2

Osting-Schwinn filed a Motion for Summary Judgment on January 19, 2007, (Dkt. 73), and Underwriters filed a Motion for Summary Judgment on January 22, 2007, (Dkt. 97). The Court denied each and set forth two disputed issues of fact for the fact-finder to resolve. (Dkt. 118). First, whether Underwriters satisfied the requirement under Fla. Stat. § 627.4137 to disclose all known insurers. Second, whether Keith Utermark, as president of the American Shield Insurance Group, had the authority under Fla. Stat. § 627.4137 to provide the information enumerated therein on Underwriters's behalf.

The parties moved this Court to reconsider its Order Denying the Parties' Motions for Summary Judgment. (Dkt. 132). This Court granted the parties' motion for reconsideration and entered judgment for Underwriters as a matter of law, finding that a valid settlement exists between the parties. (Dkt. 168). Upon reconsideration, Osting-Schwinn urges this Court to vacate its previous order (Dkt. 168) and enter an order denying Underwriters's Motion for Summary Judgment. Conversely, Underwriters urges this Court to enforce the settlement agreement as well as award its taxable costs arising from this matter.

## STANDARD OF REVIEW

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996). This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir.1985)). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990)). The reconsideration of a

previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.,* 2005 WL 1053691 (citing *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D.Fla.1999)).

## DISCUSSION

**I.     Osting-Schwinn's Motion to Alter or Amend Judgment**

Although the district courts are given substantial discretion in ruling on motions for reconsideration, *Mackin v. City of Boston,* 969 F.2d 1273, 1279 (1st Cir.1992), this Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielson, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994) (referencing *Decker Coal Co. v. Hartman,* 706 F.Supp. 745, 750 (D. Montana 1998)). Osting-Schwinn contends that this Court committed clear error in its previous Order in two respects. First, Osting-Schwinn argues that this Court erred in construing the disclosure of "the name and coverage of each known insurer" portion of Florida Statutes section 627.4137. Second, Osting-Schwinn argues that this Court erred in finding that Keith Utermark was qualified to certify the insurance policy, as required by section 627.4137. Both arguments fail.

**A.     Underwriters Complied with the Disclosure Requirements of Fla. Stat. § 627.4137**

The plain language of Florida Statutes section 627.4137 requires "the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, [to] disclose the name and coverage of each known insurer to the claimant . . . ." Relying on *Schlosser v.*

4

*Perez*, 832 So. 2d 179 (Fla. 2d DCA 2002), Osting-Schwinn argues that in addition to the above, section 627.4137 requires a "party to provide the claimant with a statement expressly stating that there are no other insurers." (Dkt. 172, p. 5). Osting-Schwinn's interpretation of both section 627.4137 and the *Schlosser* holding is incorrect.

In *Schlosser*, the Second District Court of Appeals found that the parties did not reach a settlement because the insured did not comply with the "essential terms of the offer," which included providing a disclosure statement. *Schlosser*, 832 So. 2d at 183. The Second District did not find that settlement was unenforceable because the insured did not comply with the disclosure requirements of section 627.4137, as Osting-Schwinn would have this Court believe. As Underwriters correctly argues, the disclosure requirements of section 627.4137 had no bearing on the Second District's holding in *Schlosser*.

Furthermore, the Second District did not provide a definitive interpretation of section 627.4137 in *Schlosser*. The Second District was concerned with the parties' underlying settlement agreement. As a result, the Second District sought to construe the parties' intentions in their agreement, not to construe the disclosure requirements of section 627.4137. *See Schlosser*, 832 So. 2d at 182. At no point in its opinion did the Second District conduct an analysis of section 627.4137. Though the Second District stated, in dicta, that the insured did not provide a disclaimer of other insurance or coverage, the court was not engaged in an analysis of section 627.4137 nor is there any indication that the court believes that such a disclaimer is required under section 627.4137. *See Schlosser*, 832 So. 2d 181.

Because the plain language of section 627.4137 does not require an express statement disavowing other insurance or coverage, Osting-Schwinn's argument as to this point does not warrant reconsideration of this Court's previous Order.

### B. Keith Utermark was Authorized to Certify the Insurance Policy

Osting-Schwinn also argues that this Court committed clear error in finding that Keith Utermark, president of American Shield Group, was qualified to certify a copy of the insured's policy with that company. Specifically, Osting-Schwinn argues that "the terms of the Non-Marine Binding Authority Agreement between Underwriters and American Shield Group did not permit Mr. Utermark to act on Underwriter's [*sic*] behalf for the purpose of certifying the policy." (Dkt. 172, p. 9). This argument also fails.

Notwithstanding Osting-Schwinn's interpretation of the Agreement between Underwriters and American Shield Group, it is reasonable for this Court to conclude that as president of American Shield Group, Mr. Utermark was authorized to certify a copy of an insurance policy issued by American Shield Group. The purpose of the certification is to attest to the validity of the document. As president of American Shield Group, Mr. Utermark was best positioned to certify under penalty the policy's authenticity.

Upon a plain reading of the agreement language Osting-Schwinn cited, (Dkt. 172, p. 10), Mr. Utermark was not excluded from certifying the policy. The fact that the agreement was made between American Shield Group and Underwriters, and not Jan O'Rourke and Underwriters, is dispositive. Though the specific language only mentions Jan O'Rourke, the responsibilities and authority granted under the agreement were not exclusive. Further, at the time the agreement was made, Ms. O'Rourke was president of American Shield Group. It is

reasonable for this Court to conclude that after Ms. O'Rourke was murdered and Mr. Utermark assumed Ms. O'Rourke's former position within American Shield Group, Mr. Utermark was similarly responsible and authorized to perform the functions under the agreement. This is particularly true with respect to certifying an insurance policy.

Because Keith Utermark was authorized to certify the insurance policy in this case, Osting-Schwinn's argument as to this point does not warrant reconsideration of this Court's previous Order. This Court did not commit clear error as to the findings in its previous order. Accordingly, the parties entered into a binding settlement agreement.

### III.   Underwriters's Motion for Taxable Costs

As the prevailing party in this matter, Underwriters argues that it is entitled to an award of taxable costs incurred from the date of the filing of the complaint. (Dkt. 173, p. 2). Conversely, Osting-Schwinn argues that Underwriters did not provide sufficient detail to warrant an award of its costs. (Dkt. 181, p. 3). Osting-Schwinn's Objection to Underwriters's Motion for Taxable Costs is well taken to the extent that Underwriters's costs in this matter are unsubstantiated. Underwriters's affidavit and its table titled "Taxable Costs" are insufficient to warrant an award of its costs. Accordingly, Underwriters has ten (10) days to appropriately supplement its Motion for Taxable Costs, (Dkt. 173), and respond to Osting-Schwinn's Objection to Costs Taxed in Favor of Plaintiffs, (Dkt. 181). Upon receipt of the aforementioned, Osting-Schwinn has five (5) days to respond. This Court will defer ruling on Underwriters's motion until it has received the appropriate supplements and responses.

### **CONCLUSION**

Having read the Defendant's/Counter-Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment, this Court does not find sufficient cause to reconsider its previous Order. Accordingly, it is:

**ORDERED** that the Rule 59(e) Motion of Defendant/Counter-Plaintiff to Alter or Amend Judgment (Dkt. 172) be **Denied**. Further, it is **ORDERED** that the Amended Motion of Plaintiff/Counter-Defendant for Enforcement of Settlement (Dkt. 175) be **Granted**, and the Motion of Plaintiff/Counter-Defendant for Taxable Costs (Dkt. 173) and the objections thereto be **Deferred**. Therefore, it is **Directed** that the Clerk of Court, for Underwriters at Lloyd's London, disburse to Carol Osting-Schwinn $101,658.00, plus any accrued interest, from the Court registry in full payment and final settlement and Carol Osting-Schwinn is **Directed** to execute the General Release of All Claims.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 30th day of September 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record

9