UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORNOCH LTD.,　　　　　　　　　　　　Case No: 8:05-CV-1460-T-17TGW
in its individual capacity,

　　　　Plaintiff,

v.

CODY OSTING and
CAROL OSTING-SCHWINN,

　　　　Defendants.
_____/

## THIRD AMENDED COMPLAINT

Plaintiff, DORNOCH LTD., pursuant to Federal Rule of Civil Procedure 15(a) and the Eleventh Circuit Court of Appeals' Mandate in <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 2010 U.S. App. LEXIS 16746 (11th Cir. Aug. 5, 2010) (Mandate filed Sept. 7, 2010) (D.E. 199), files this Third Amended Complaint in its individual capacity.

## NATURE OF THE ACTION

1.　　This is an action based upon diversity of citizenship brought by Plaintiff, Dornoch Ltd., in its individual capacity as a Name of Syndicate 1209, subscribing to Policy Number UT01AS83 against Defendants, Cody Osting and Carol Osting-Schwinn for specific performance of a contract to settle a liability claim set forth by Defendants against Michael Rockhill, Sr., the holder of Policy Number UT01AS83.

## PARTIES

2.  Dornoch Ltd. is a company incorporated under the laws of the United Kingdom and has its principal place of business at 70 Gracechurch Street in London, England. Dornoch Ltd. is a Name of Syndicate 1209 which subscribes to Policy Number UT01AS83. Dornoch Ltd. maintains an 83% interest of Syndicate 1209. Syndicate 1209 maintains 61.45% of the risk associated with Policy Number UT01AS83.

3.  Defendant Cody Osting is over 21 years of age, a citizen of Hillsborough County, Florida, and is *sui juris* in all respects.

4.  Defendant Carol Osting-Schwinn is over 21 years of age, a citizen of Hillsborough County, Florida, and is *sui juris* in all respects.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this matter pursuant to 28 United States Code, Section 1332 as there is complete diversity of citizenship between Dornoch Ltd. and Cody Osting and Carol Osting-Schwinn.

6.  The amount in controversy as demanded by Defendants is at least $1,000,000.00 and Dornoch Ltd.'s pro rata portion amounts to at least $510,035.00.

7.  Venue is proper in this Court pursuant to 28 United States Code, Section 1391(a) as the parties entered into the subject contract in this District.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiff reavers and realleges the allegations set forth in Paragraphs 1 through 7 as though fully set forth herein.

9. Defendants, by and through counsel, set forth a claim for personal liability against Rockhill for the alleged tortious acts of Rockhill and/or his son, Michael Rockhill, Jr.

10. Upon notice of the claim against Rockhill, Plaintiff promptly evaluated the claim and initiated settlement efforts on behalf of Rockhill.

11. After communications between Plaintiff and Defendants' counsel, Defendants presented a settlement offer to Plaintiff on May 26, 2005 (Attached as Exhibit "A").

12. Plaintiff timely accepted the settlement offer on May 31, 2005 to create a binding agreement between the parties. (See documents attached as Composite Exhibit "B").

13. Plaintiff performed all material terms and conditions of said agreement by June 1, 2005.

14. Defendants, however, refused to perform their duties under the contract, namely providing an executed General Release to Plaintiff's counsel for any and all claims against Rockhill, his son Michael Rockhill, Jr., and his wife Vicki Rockhill.

15. By refusing to perform under the contract, Defendants have breached the contract between the parties.

16. As a direct and proximate cause of Defendants' breach of the settlement agreement, Plaintiff has suffered and continues to suffer damages.

17. Plaintiff has no other adequate or complete remedy at law if the terms of the settlement agreement are not enforced.

## COUNT II
## DECLARATORY RELIEF

18. Plaintiff reavers and realleges the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.

19. This is an action for declaratory relief to determine whether the settlement agreement between Plaintiff and Defendants is enforceable and precludes an action by Defendants against the Rockhills arising from the incident that occurred on May 7, 2002 in Plant City, Florida which is the subject of the settlement agreement.

20. Plaintiff has a bona fide doubt about the existence or non-existence of its rights, obligations, or privileges under the settlement agreement. Specifically, Plaintiff is unsure whether the terms of the settlement agreement preclude Defendants from bringing and maintaining any action against the Rockhills arising from the incident that occurred on May 7, 2002 in Plant City, Florida which is the subject of the settlement agreement.

21. Plaintiff has a bona fide, actual, present and practical need for a declaration as Plaintiff is incurring substantial costs for the instant case and Defendants seek to maintain an action against the Rockhills, which is barred by the settlement agreement.

22. The General Release to be signed by Defendants as part of the settlement agreement precludes any legal action against the Rockhills pursuant to the following clause:

> In consideration of the sum of ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($101,000.00), the receipt of which is hereby acknowledged CAROL OSTING, AS PARENT AND LEGAL GUARDIAN OF CODY OSTING, A MINOR, (the Releasor) does hereby release and forever discharge, MICHAEL D. ROCKHILL, SR., MICHAEL ROCKHILL, JR., AND VICKI ROCKHILL, (the Releasees), from any and all claims, specifically including all claims to both persons and property, of any kind, known or unknown, suspected or unsuspected, fixed or contingent which the Releasors now have, own or hold or claim to have, own or hold, sustained as a result of that certain incident that occurred on or about May 7, 2002 in Plant City, Florida, which allegedly led to injuries to CODY OSTING.
>
> This settlement is made with prejudice by the Releasor and no further action will be brought on this matter against the Releasees.

(General Release, attached as Exhibit "C").[1]

23. Plaintiff seeks a ruling from the Court that the settlement agreement bars any action arising out of the incident which occurred on May 7, 2002 in Plant City, Florida.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

---

[1] As Mr. Osting is now of majority age, the previous General Release can be revised to reflect.

WHEREFORE, Dornach Ltd. demands entry of judgment against Defendants requiring their specific performance of the settlement agreement or, in the alternative, a declaration that the settlement agreement releasing Michael D. Rockhill, Sr., Michael D. Rockhill, Jr., and Vicki Rockhill from any liability to Cody Osting and Carol Osting-Schwinn precludes the prosecution of any lawsuit against the Rockhills, damages, plus any other such relief this Court deems appropriate and just.

Respectfully submitted,

Berk, Merchant & Sims, PLC

**/s/ Melissa M. Sims**
William S. Berk
Florida Bar No.: 349828
wberk@berklawfirm.com
Melissa M. Sims
Florida Bar No.: 85936
msims@berklawfirm.com
Sorraya M. Solages
Florida Bar No.: 568856
ssolages@berklawfirm.com
2100 Ponce De Leon Blvd.
Penthouse 1
Coral Gables, Florida 33134
786.338.2878
786.338.2888 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that on October 21st, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Dale Swope, Esquire
Shea Moxon, Esquire
Kathryn Lee, Esquire
Lisha Bowen, Esquire
Brandon Cathey, Esquire
Swope Rodante, P.A.
1234 E. 5th Avenue
Tampa, Florida 33605

Tel:  813-273-0017
Fax:  813-223-3678

/s/ Melissa M. Sims
Melissa M. Sims