UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DORNOCH LTD., in its individual capacity

    Plaintiff,

vs.

CODY OSTING and CAROL OSTING-SCHWINN

    Defendant.

Civil Action No: 8:05-CV-1460-T-17TGW

_____/

## MOTION FOR PROTECTIVE ORDER

COMES NOW Phelps Dunbar LLP, a non-party to this litigation, pursuant to Rule 26(c), Rules of Civil Procedure and other applicable law, and hereby moves this Court for a Protective Order to limit discovery, and in support of this Motion states as follows:

1.     Rule 26(c), Rules of Civil Procedure, states that any person from whom discovery is sought may move for a protective order in the court where the action is pending and the court may, for good cause, issue an order to protect from annoyance, embarrassment, oppression, or undue burden or expense.

2.     Phelps Dunbar LLP represents Michael Rockhill, Jr. and Michael Rockhill, Sr., the defendants in open and pending litigation styled, "In the Circuit Court for the Thirteenth Judicial Circuit, In and For Hillsborough County, Florida; Carol Osting-Schwinn, as parent and natural guardian of Cody Osting, a minor, Plaintiff, vs. Michael Rockhill, Jr. and Michael Rockhill, Sr., Defendants; Case No. 05-06257; Division J," ("the Litigation").

3.     Kathryn Lee, Esq. of Swope Rodante, P.A. represents plaintiff in the Litigation.

4. Ms. Lee served upon Phelps Dunbar LLP a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. A copy is attached hereto as Exhibit "A."

5. Phelps Dunbar LLP responded to the Subpoena, but objected to three of its paragraphs. A copy of Phelps Dunbar LLP's Response to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action is attached hereto as Exhibit "B."

6. In paragraphs 1 and 2 of the Subpoena, Ms. Lee seeks all the billing records that Phelps Dunbar LLP created relative to its defense of Ms. Lee's opponent in the Litigation, including narrative time entries and all costs incurred. Phelps Dunbar LLP is essentially being asked to produce to its opponent a roadmap of everything it has done and not done to date in open and pending litigation. Producing such documents would be highly prejudicial to Phelps Dunbar LLP's clients. Such documents are not discoverable in the Litigation and should not be available to Ms. Lee by a back door that she is attempting to create.

7. In paragraph 4 of the Subpoena, Ms. Lee seeks all "all documents, communications, reports or memoranda containing, referencing or evidencing the value of the damages which could be claimed by or on behalf of Cody Osting against Michael Rockhill, Jr. or Michael Rockhill, Sr. arising from an incident on May 7, 2002, excluding attorney-client communications between Phelps Dunbar LLP and Michael Rockhill, Jr. or Michael Rockhill, Sr." Despite the vagueness and overbreadth of the request, Phelps Dunbar LLP produced all those documents in its possession that it believes might be responsive, except for two documents and one group of documents, as follows:

- Phelps Dunbar LLP objects to production of the Litigation Analysis, Plan and Budget report that it prepared for its clients and their insurer, which memorializes confidential attorney analysis and strategy, the production of which would be devastating to Phelps Dunbar LLP's clients. Such documents are not discoverable in the Litigation and should not be available to Ms. Lee by a back door that she is attempting to create.

- For the same reason, Phelps Dunbar LLP objects to production of its April 14, 2008 letter summarizing and discussing the deposition that its client, Michael Rockhill, Jr., gave to Ms. Lee's associate.

- Phelps Dunbar LLP also objects to production of the claims file compiled by the Rockhills' insurer during its pre-suit investigation of the accident that is the subject of the Litigation, which includes investigation reports, summaries and analysis of recorded statements, etc. The claims file is confidential work product that is not discoverable in the Litigation. It should not be available to Ms. Lee by a back door that she is attempting to create.

8. Phelps Dunbar LLP has in good faith conferred with Ms. Lee in an effort to resolve this dispute without court action.

WHEREFORE, Phelps Dunbar LLP requests entry a Protective Order limiting the discovery sought by Ms. Lee and awarding such other and further relief as is just and proper.

**PHELPS DUNBAR LLP**

/s/  Timothy P. Shusta
Michael Ashy, Florida Bar No. 83917
Timothy P. Shusta, FBN: 442305
100 S. Ashley Dr., Ste. 1900
Tampa, FL  33602-5311
813-472-7550  -  813-472-7570 (facsimile)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY  that on May 2, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/   Timothy P. Shusta_____
Attorney

4

PD.5079426.1